ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
KOLLIN J. ZIMMERMANN (SBN 273092)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071-2213
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email:    aanderson@rmkb.com
          tskelton@rmkb.com
          kzimmermann@rmkb.com

Attorneys for Defendants
BIDZ.COM, INC. AND DAVID ZINBERG

RICHARD M. FOSTER (SBN 93909)
LAW OFFICE OF RICHARD M. FOSTER
5429 Cahuenga Boulevard
North Hollywood, CA 91601
Telephone: (818) 508-1500
Facsimile: (818) 508-1529
Email: Richard@rmflawoffice.com

Attorneys for Plaintiff
V & R HOLDINGS, INC.

FILED
CLERK, U.S. DISTRICT COURT

DEC 19 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V & R HOLDINGS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BIDZ.COM, INC., a California corporation; DAVID ZINBERG, an Individual; JEWELRY AND WATCH LIQUIDATORS, INC., and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 11cv5916 RSWL (PSWx)<br><br>**STIPULATED PROTECTIVE ORDER; PROPOSED ORDER**<br><br>Judge:   Ronald S.W. Lew<br>Magistrate Judge: Patrick J. Walsh |

*This protective order does not govern under seal filings. Local Rule 79-5 does.  PJW*

It is hereby stipulated by and between plaintiff V & R Holdings, Inc. and defendants Bidz.com, Inc. and David Zinberg, through their respective attorneys,

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

that a Protective Order may be entered by this Court as follows:

1.     **SCOPE:**

(a)     This Protective Order shall limit the use and/or disclosure of documents, deposition testimony, and related information which are, or which embody or disclose any information, designated hereunder as "CONFIDENTIAL" or as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" and shall apply to:

(i)     All such documents so designated in accordance with this Protective Order and all information contained therein;

(ii)     Portions of deposition testimony and transcripts and exhibits thereto which include, refer, or relate to any confidential information;

(iii)     All information, copies, extracts, and complete or partial summaries prepared or derived from confidential information; and

(iv)     Portions of briefs, memoranda, or any writing filed with or otherwise supplied to the Court, which include or refer to any such confidential information.

[handwritten: Local Rule 79-5 governs under seal filings.]

(b)     Any person (i.e., any individual or entity) designating documents, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" hereunder asserts that he, she, or it believes in good faith that such material is his, her, or its confidential information which is not otherwise available to the public generally, or is information which the person believes is or may be encompassed by a pre-existing confidentiality agreement with any other person.

(c)     "Confidential information" is defined to include, but not be limited to, documents, material, or testimony that is private or constitutes and/or relates to (a) trade secrets, trademarks, copyrights, patents and/or other similar protections; (b) business strategies, decisions, and/or negotiations; (c) financial, budgeting, and/or accounting information; (d) customer information, including prospective customers; and (e) marketing studies, proformas, projections, and similar information relating

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

1   to the value and/or potential value of stock, science and technology, and/or other
2   assets or liabilities.  Confidential information includes all documents or other
3   information that has been designated "CONFIDENTIAL" or "CONFIDENTIAL--
4   ATTORNEYS' EYES ONLY" pursuant to this Order.

5       (d)     Confidential information ordinarily should be designated as
6   "CONFIDENTIAL" rather than "CONFIDENTIAL--ATTORNEYS' EYES
7   ONLY."  A "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation is
8   appropriate only where the confidential information is so extremely sensitive in the
9   context of this case that there is a real danger that the party producing the
10  information could be prejudiced if the information is disclosed under the protection
11  provided by a "CONFIDENTIAL" designation.  Examples of information
12  warranting a "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation are
13  documents which contain, disclose, or reflect trade secrets, sensitive customer
14  information, business and marketing plans and information, or similarly
15  competitively sensitive information.

16      (e)     Nothing in this Order and no party's designation of any document or
17  information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES
18  ONLY" shall be construed to constrain, preclude, or otherwise affect in any manner
19  the independent research and development, marketing, product development, or
20  other technical activities of the parties.

21      (f)     Nothing in this Order and no party's designation of any document as
22  "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall
23  be construed to constrain, preclude, or otherwise affect the use (including the ability
24  to include the document or information in papers not filed under seal) of another
25  party's documents which are duplicates of such designated documents provided that
26  such duplicate documents were lawfully obtained by such party through means
27  independent of the discovery process.

28      (g)     A party's failure to designate a document as its confidential

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   information where the document was produced by another party and designated by
2   the producing party as that party's confidential information shall not be construed
3   to waive the non-designating party's claim, with respect to present and future
4   litigation between these or other parties, that the document contains the non-
5   designating party's confidential information.

6   **2.   GOOD CAUSE:**

7   As required by the Federal Rules of Civil Procedure, Rule 26(c)(1), good
8   cause exists to support this protective order. The parties operate in the same
9   competitive industry and to some degree compete with one another. The discovery
10  in this case may call for each side to reveal its sources of supply, its intermediate
11  vendors (such as customs brokers and shippers), the quantity of its sales, its rates
12  and procedures for importation, its strategies for trademarks and marketing, internal
13  business strategies, trade secrets, or the identity of some or all of its customers.
14  Further, each party may be required to provide information regarding its revenues,
15  costs, and profits. A disclosing party would be put at an unfair competitive
16  disadvantage if it were required to reveal these matters to a competitor or to the
17  public in general.

18  Further, the documents to be exchanged in this case contain certain
19  information that may implicate the right to privacy or trade secret privileges with
20  respect to third parties such as the parties' vendors, customers, and employees. The
21  parties wish to protect these third parties from unwarranted intrusion into their
22  privacy and finances, and from potentially disclosing third party financial
23  information and trade secrets.

24  **3.   DESIGNATION OF DOCUMENTS AND DEPOSITIONS**
25  **AS "CONFIDENTIAL" OR "CONFIDENTIAL--**
26  **ATTORNEYS' EYES ONLY":**

27  (a)   Designation of a document as "CONFIDENTIAL" by the producing
28  party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

RCI/6256399.2/PF1                                    - 4 -                        STIPULATED PROTECTIVE ORDER

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   each page thereof.

2        (b)    Designation of a document as "CONFIDENTIAL--ATTORNEYS'

3   EYES ONLY" by the producing party shall be made by conspicuously stamping or

4   writing "CONFIDENTIAL--ATTORNEYS' EYES ONLY" on each page thereof.

5        (c)    Designation of a deposition or other pretrial testimony, or portions

6   thereof, as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES

7   ONLY" shall be made by a statement on the record by counsel for the party or other

8   person making the claim of confidentiality at the time of such testimony.  The

9   portions of depositions so designated as "CONFIDENTIAL" or

10  "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be taken only in the

11  presence of persons qualified to receive such information pursuant to the terms of

12  this Protective Order, the court reporter, the deponent, and the deponent's attorney.

13  Failure of any person to comply with a request to leave the deposition room will

14  constitute sufficient justification for the witness to refuse to answer any question

15  calling for disclosure of confidential information so long as persons not entitled by

16  this Protective Order to have access to such information are in attendance.

17  Thereafter, any counsel may reopen the deposition into areas which the witness

18  refused to answer after bringing a motion for protective order to resolve whether the

19  person who refused to leave the deposition should be allowed to be present during

20  questioning.  After resolution of said motion, counsel shall be allowed to continue

21  said deposition with respect to the questions, and lines of questioning, which the

22  deponent refused to answer, though the court may order that the deposition continue

23  outside the presence of the person who refused to leave the initial deposition.  The

24  applicable portions of such deposition transcripts shall be clearly marked

25  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" on each

26  page containing the confidential information.

27       (d)    Any party may designate documents or portions of deposition

28  transcripts as containing confidential information even if not initially marked as

RC1/6256399.2/PFI                   - 5 -                  STIPULATED PROTECTIVE ORDER

"CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order by so advising counsel for each party in writing within ten calendar days of the receipt of the document or deposition transcript which he, she, or it wishes to designate as confidential information. Thereafter each such document or transcript shall be treated in accordance with the terms of this Protective Order. Any person served with written notice of any such designation of previously produced documents or deposition transcripts as containing confidential information shall thereafter treat such information as if it had been designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" at the time he, she, or it first received it in connection with this action and shall mark all copies of such documents in his, her, or its possession accordingly.

4.   **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION:**

(a)   No confidential information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein, and in no event shall confidential information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation for or trial of this action in accordance with the provisions of this Protective Order.

(b)   Confidential information designated "CONFIDENTIAL" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(i)   Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by, or associated with, a party, and/or whose offices are located within any premises of a party:

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

(ii)     The parties hereto, and their past and present officers, directors and employees;

(iii)    Outside experts and consultants retained by a party for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(iv)    Any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient or currently is affiliated with the party that produced or appears to have prepared said document;

(v)     Court reporters and similar personnel, provided further that confidential information filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel;

(vi)    Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of confidential information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information. In the case of a deponent who is not a party to this action and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of nonrelevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the offending questions, or lines of questioning, and to apply to the Court for a further Protective Order or other appropriate relief; and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1     (vii)  Any other person, either with the prior written consent of the

2    party who has designated such information as confidential or pursuant to a

3    Court order.

4     (c)    Confidential information designated "CONFIDENTIAL--

5    ATTORNEYS' EYES ONLY" shall not be disclosed by any person who has

6    received such information through discovery in this action to any other person

7    except to:

8     (i)    Retained counsel for any party to this action and their respective

9    associates, clerks and employees involved in the conduct of this litigation,

10    but not including in-house counsel to either party, defined as counsel

11    regularly employed or paid by, or associated with, a party, and/or whose

12    offices are located within any premises of a party;

13     (ii)   Outside experts and outside consultants assisting in this

14    litigation, and their respective clerks and employees involved in assisting

15    them in this litigation, to the extent deemed necessary by counsel;

16     (iii)  Any person who actually was involved in the preparation of the

17    document or who appears on the face of document as the author, addressee,

18    or other recipient, or is currently affiliated with the party that produced or

19    appears to have prepared said document;

20     (iv)  Court reporters and similar personnel, provided further that

21    confidential information filed with the Clerk of the Court shall be sealed

22    subject to release only by order of the Court or agreement of counsel;

23     (v)   Deponents with respect to whom the attorney for the examining

24    party believes in good faith that disclosure of confidential information should

25    be made in order to conduct relevant examination of such deponent on topics

26    about which the attorney in good faith believes the deponent may have

27    relevant information.  In the case of a deponent who is not a party to this

28    action and who has not previously agreed to be bound by the terms of this

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   Order, the attorney conducting the examination shall limit disclosure of

2   confidential information by any means practicable (i.e., redaction or

3   severance of nonrelevant portions) to only that which is in good faith

4   required to conduct a meaningful examination of the witness, and shall show

5   all counsel a copy of said redacted document before showing it to the

6   witness.  Any violation of this provision, or objection by counsel to showing

7   the document to the witness, shall entitle the objecting party to suspend the

8   deposition as to the offending questions, or lines of questioning, and to apply

9   to the Court for a further Protective Order or other appropriate relief; and

10          (vi)    Any other person, either with the prior written consent of the

11  party who has designated such information as confidential or pursuant to a

12  Court order.

13          (d)    Before any person described in paragraphs 3(b)(iii), 3(b)(vii), 3(c)(ii),

14  3(c)(v), or 3(c)(vi) receives or is shown any document or information which has

15  been designated as confidential, such person shall be given a copy of this Protective

16  Order and shall agree in writing, in the form of the "Agreement to be Bound By

17  Terms Of The Protective Order" attached hereto as Exhibit A, to be bound by the

18  terms hereof.  The original of each such Acknowledgment and Agreement shall be

19  maintained by counsel, and transmitted by facsimile to all other counsel of record.

20  If any counsel objects to showing the signatory documents subject to this Order, the

21  objecting party shall give facsimile notice of its objections and the grounds

22  therefore and shall have five business days to file and serve a motion for protective

23  order.  If no objection is raised or no motion for protective order is filed and served

24  within five days thereafter, all objections to showing the signatory documents shall

25  be waived and the signatory may be shown the documents subject to this Order.  If

26  the person does not so agree, the person may not be shown the document until after

27  a motion for protective order is brought and an order obtained preventing the person

28  from misusing any information in the document.

RC1/6256399.2/PF1                                    - 9 -                      STIPULATED PROTECTIVE ORDER

(e)     Nothing in this Protective Order shall be construed to require execution of the written Acknowledgement and Agreement referred to in paragraph 3(d) above, or to prevent disclosure of confidential information, by the party producing and designating such confidential information, or by any employee of such party.

(f)     Nothing in this Protective Order shall prevent counsel for either party from summarizing or discussing in general terms the nature of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" with representatives of their respective clients, outside experts and consultants, deponents or potential witnesses, provided such summary or discussion does not disclose, in any way, the substance of the document so designated, the confidential information contained therein, and/or trade secret information of another party.

## 5.     FILE UNDER SEAL:

The filing of documents under seal shall be done in accordance with Central District of California, Local Rule 79-5.

All confidential information filed with the Court and any pleading or other paper containing confidential information shall be filed under seal and marked:

"CONFIDENTIAL INFORMATION. This envelope contains documents that are subject to a Protective Order of this Court and shall not be opened or unsealed by anyone except the Court or its staff, without the prior written consent of counsel for the parties hereto or pursuant to order of this Court. If the contents of this envelope are so unsealed, they shall thereafter be resealed."

All confidential attorneys' eyes only information filed with the Court and any pleading or other paper containing confidential attorneys eyes only information shall be filed under seal and marked:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RC1/6256399.2/PF1

- 10 -

STIPULATED PROTECTIVE ORDER

1 | "CONFIDENTIAL ATTORNEYS' EYES ONLY
2 | INFORMATION. This envelope contains documents that
3 | are subject to a Protective Order of this Court and shall
| not be opened or unsealed by anyone except the Court or
4 | its staff, without the prior written consent of counsel for
| the parties hereto or pursuant to order of this Court. If the
5 | contents of this envelope are so unsealed, they shall
6 | thereafter be resealed."

7   The envelope shall not be opened without further order of the Court. In the

8   event that a document contains both confidential and confidential attorneys eyes

9   only information, the attorneys eyes only information legend shall be used.

10   **6.   CHALLENGE TO CONFIDENTIALITY DESIGNATION:**

11   Any party who disagrees with the designation by a party of a document or

12   other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS'

13   EYES ONLY" may bring a motion before the Court requesting that the Court find

14   that the document or other information is, in fact, not confidential. Prior to

15   bringing such motion, a party who objects to any other party's designation of

16   documents or other information as "CONFIDENTIAL" or "CONFIDENTIAL--

17   ATTORNEYS' EYES ONLY" shall notify the other party in writing of the

18   objection. The interested parties or other persons shall attempt to resolve such

19   disagreements before submitting them to the Court. Pending resolution of any

20   dispute concerning such designation, all parties and persons governed by this

21   Protective Order shall treat as "CONFIDENTIAL" or "CONFIDENTIAL--

22   ATTORNEYS' EYES ONLY" all documents and information previously

23   designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES

24   ONLY" under the terms of this Protective Order. If a motion challenging the

25   confidentiality designation is brought, the party or person asserting that a document

26   or other information is confidential shall bear the burden of demonstrating that the

27   "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY"

28   designation is warranted.

RCI/6256399.2/PFI                          - 11 -                      STIPULATED PROTECTIVE ORDER

## 7.    **SURVIVAL OF ORDER - RETURN OF DOCUMENTS:**

(a)    The provisions of this Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received confidential information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. This Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. Upon completion of the litigation, all documents (including copies of documents) containing confidential information shall be destroyed or returned to counsel for the producing party, except that the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein. Within sixty days of the conclusion of this litigation, the attorneys for the receiving party shall notify the attorneys for the producing party that such return or destruction occurred.

(b)    Except as provided in Sections 4 or 7 hereof, documents or things containing the other party's confidential information shall at all times be in the physical possession of those persons qualifying under Section 3 hereunder, or kept by counsel of record either at the premises regularly maintained by such counsel of record as and for their respective law offices, or otherwise in their sole custody or control.

## 8.    **USE OF OWN DOCUMENTS BY PRODUCING PARTY:**

Nothing in this Protective Order shall limit the use by any party or other person of his, her or its own document(s) or information, or any other documents or information obtained independently of discovery, even if such document(s) or information have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY."

9.   **APPLICATIONS TO COURT:**

(a)     This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which otherwise would be available. This Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b)     Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c)     The parties hereby, and all other persons who receive confidential information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purposes of enforcing this Order. The remedies set forth in this Section 8(c) are not exclusive to any other remedies that an aggrieved party may elect to pursue.

10.   **INADVERTENT DISCLOSURES:**

The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such document is inadvertently produced, the recipient of the document agrees that, upon request

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1 from the producing party, it will promptly return the document and all copies of the

2 document in its possession, delete any versions of the document on any database it

3 maintains and make no use of the information contained in the document, provided,

4 however, that the party returning such document shall have the right to apply to the

5 Court for an order that such document is not protected from disclosure by any

6 privilege.  The parties further agree that the inadvertent failure to designate

7 documents as "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEYS'

8 EYES ONLY" may be corrected at any time by written notice, which designation

9 shall operate prospectively pursuant to the terms of this Order, and that the counsel

10 so notified will use best efforts to endeavor to retrieve any designated documents

11 form any persons not entitled under this Order to have access to such designated

12 documents and will notify opposing counsel as soon as practical of the identity of

13 any persons who have been determined to be remaining in possession of such

14 documents.

15     **11.   NO ADMISSIONS:**

16       Neither entering into this Stipulation for Protective Order nor receiving any

17 documents or other information designated as "CONFIDENTIAL" or

18 "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be construed as an

19 agreement or admission (1) that any document or information designated as

20 "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" is in

21 fact confidential information; (2) as to the correctness or truth of any allegation

22 made or position taken relative to any matter designated as "CONFIDENTIAL" or

23 "CONFIDENTIAL—ATTORNEYS' EYES ONLY;" or (3) as to the authenticity,

24 competency, relevancy, or materiality of any information or document designated

25 as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

26 This Order is not intended to modify or waive the provisions of the California Rules

27 of Civil Procedure or of the California Rules of Evidence.  This Order does not

28 require the production of documents or information that would otherwise be non-

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   discoverable.

2   **12.   SUBPOENA BY OTHER COURTS OR AGENCIES:**

3       If another court or an administrative agency subpoenas or orders production

4   of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY"

5   documents which a party has obtained under the terms of this Order, before

6   complying with such subpoenas or orders, such party shall promptly notify the

7   party or other person who designated the documents of the pendency of such

8   subpoena or order.

9   **13.   MODIFICATION - FURTHER AGREEMENTS:**

10      Nothing contained herein shall preclude any party from seeking from the

11  Court modification of this Order upon proper notice or preclude the parties from

12  entering into other written agreements designed to protect confidential information.

13  **14.   PRIOR TO ENTRY OF THIS PROTECTIVE ORDER:**

14      The parties agree to treat this Stipulation for Protective Order as binding

15  upon execution by all parties.  Should the Court for whatever reason decline to

16  issue this order, the Parties agree to work in good faith to resolve any issues

17  regarding the prior disclosure or production of any potential evidence by either

18  party, including but not limited to the return of any potential evidence previously

19  marked as "confidential" or "attorney's eyes only", so that the potential evidence

20  can be reevaluated in light of the Court's decision.

21  **15.   COUNTERPARTS:**

22      This Stipulation for Protective Order may be executed in counterparts, each

23  of which shall be deemed an original and which together shall constitute one

24  instrument.

25  **16.   JURISDICTION:**

26      The Central District of California shall retain jurisdiction in connection with

27  the enforcement of the Order.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1         I hereby consent to the form and substance of this agreement and consent to

2    entry of this agreement as an order.

3

4    Dated:    December 14, 2011       ROPERS, MAJESKI, KOHN &

5                                       BENTLEY

6

7                                 By: _____

8                                  ALLAN E. ANDERSON
                                   TIMOTHY L. SKELTON

9                                  KOLLIN J. ZIMMERMANN
                                   Attorneys for Defendants

10                                 BIDZ.COM, INC. AND DAVID
                                   ZINBERG

11

12   Dated:    December 14, 2011       LAW OFFICE OF RICHARD M.

13                                        FOSTER

14                              By: _____

15                               RICHARD M. FOSTER
                               SYLVIA SULTANYAN

16                              Attorneys for Plaintiff
                                V & R HOLDINGS, INC.

17

18

19                        **COURT'S ORDER**

20        Having read and considered the Parties' proposed Stipulation and Protective

21   Order, and finding good cause exists in support thereof, IT IS ORDERED that the

22   Parties' Stipulation and Protective Order is hereby entered as [modified by]

23   [submitted to] this Court.

24

25

26   DATED: 12/19, 2011

27                                  Judge Patrick J. Walsh

28                                  UNITED STATES MAGISTRATE JUDGE

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY TERMS OF THE PROTECTIVE ORDER**

I, _____, have received a copy of the Stipulated Protective Order entered in the action entitled *V & R Holdings, Inc., a California corporation v. Bidz.com, Inc., a California corporation; David Zinberg, an Individual; et a.l* (United States District Court, Central District of California, Case No. 11cv5916 RSWL (PSWx)). I have carefully read and understand the provisions of the Protective Order. I agree that I will comply with all provisions of the Protective Order and will use any "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" information only for purposes of this action. At the end of this litigation or my involvement in this litigation, whichever occurs first, I will either destroy or return to counsel for the party by whom I am employed or retained all such "CONFIDENTIAL" or "CONFIDENTIAL---ATTORNEYS' EYES ONLY" documents or information that comes into my possession.

Dated: _____        _____